IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION NO. 05-347 |
| v. | : | |
| EPHRAIM E. BARR | : | CIVIL ACTION NO. 09-5091 |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                               February 21, 2013

Defendant, Ephraim Barr, has filed an amended petition seeking *habeas corpus* relief pursuant to 28 U.S.C. § 2255 and requesting a new trial. The Government opposes the petition.

**I.    INTRODUCTION**

After a jury trial, Defendant was convicted of the following crimes: conspiracy, in violation of 18 U.S.C. § 371 (Count 1), identity theft, in violation of 18 U.S.C. §§ 1028(a)(7), (b)(1)(D), and (c)(3)(A) (Count 2), and uttering counterfeit securities, in violation of 18 U.S.C. § 513 (Counts 3-8). Defendant was sentenced to a term of imprisonment of 60 months on Count 1 and 87 months on Counts 2-8, with all sentences to run concurrently for a total of 87 months, to be followed by a term of supervised release of three years. Defendant has completed the prison sentence and is currently serving the term of supervised release.

Defendant appealed from the judgment of conviction and sentence, and the Court of Appeals affirmed in all respects.[1] Defendant then filed a *pro se* petition pursuant to 28 U.S.C. § 2255. Counsel was appointed, and an amended, counseled, petition was filed.[2] The amended

---

[1] United States v. Barr, 349 F. App'x 704 (3d Cir. 2009).

[2] Retained counsel recently entered an appearance on Defendant's behalf, and the Court released appointed counsel and granted retained counsel an opportunity to file a supplemental brief. February 5, 2012 Tr. Hr'g Violation of Supervised Release 16. Counsel did not file a supplemental brief, and the Court has relied on the earlier briefing.

petition argues that Defendant's trial attorney rendered ineffective assistance of counsel by failing to request a specific jury instruction. Although the asserted error applied only to Count 2, Defendant seeks a new trial on all counts on the theory that the asserted error "tainted" the jury's consideration of the other charges.

## II. LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner serving a sentence in federal custody may petition the court which imposed the sentence to vacate, set aside, or correct the sentence by asserting that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[3] "Habeas corpus relief is generally available only to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."[4] "The question of whether to order a hearing is committed to the sound discretion of the district court. In exercising that discretion the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record. Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief. . . ."[5]

When assessing a claim of ineffective assistance of counsel, the Court applies the

---

[3] 28 U.S.C. § 2255(a).

[4] United States v. DeLuca, 889 F.2d 503, 506 (3d Cir. 1989).

[5] Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989) (citation omitted). See 28 U.S.C. § 2255(b).

standard established by the Supreme Court in Strickland v. Washington.[6] Defendant bears the burden of demonstrating that his trial attorney's performance was deficient and that the deficiency caused him prejudice.[7] An attorney's performance is deficient only if it falls "below an objective standard of reasonableness, and that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."[8] There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."[9]

### III. DISCUSSION

Nearly three years after the jury found Defendant guilty of identity theft and other charges, the Supreme Court decided the case of Flores-Figueroa v. United States.[10] In Flores-Figueroa, the Supreme Court ruled upon a "federal criminal statute forbidding '[a]ggravated identity theft' [that] imposes a mandatory consecutive 2–year prison term upon individuals convicted of certain other crimes *if*, during (or in relation to) the commission of those other crimes, the offender '*knowingly* transfers, possesses, or uses, without lawful authority, *a means of identification of another person.*'"[11] The Court held that the statutory language required the

---

[6] 466 U.S. 668 (1984).

[7] United States v. Shedrick, 493 F.3d 292, 299 (3d Cir. 2007) (citing Strickland, 466 U.S. at 687).

[8] Id. (internal citations and quotations omitted).

[9] Strickland, 466 U.S. at 689 (citations and quotations omitted).

[10] 556 U.S. 646 (2009).

[11] Id. at 647 (quoting 18 U.S.C. § 1028A(a)(1)) (emphasis in Flores-Figueroa).

3

government to show that the defendant knew the means of identification belonged to an actual, rather than fictional, person.[12] Defendant argues that the holding in Flores-Figueroa applies equally to 18 U.S.C. § 1028(a)(7), the statute under which he was charged. The Court agrees.

The Court of Appeals for the Fourth Circuit appears to be the only appellate court to have addressed directly the applicability of Flores-Figueroa to § 1028(a)(7):

> Although Flores-Figueroa did not address the knowledge necessary for a § 1028(a)(7) conviction, when Congress uses the same language in two statutes having similar purposes, particularly when one is enacted shortly after the other, it is appropriate to presume that Congress intended that text to have the same meaning in both statutes. Because § 1028(a)(7)'s wording is virtually identical to § 1028A, both statutes criminalize identity theft, and § 1028A was passed shortly after § 1028(a)(7), we agree that the Supreme Court's holding in Flores-Figueroa should apply to a § 1028(a)(7) conviction, as well.[13]

As the Fourth Circuit noted, the operative language of the two statutes is very similar. Under 18 U.S.C. § 1028(a)(7), it is unlawful for someone to "knowingly transfer[ ], possess[ ], or use[ ], without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law," and under 18 U.S.C. § 1028A(a)(1), it is unlawful for someone to "knowingly transfer[ ], possess[ ], or use[ ], without lawful authority, a means of identification of another person." Thus, the Court accepts that Flores-Figueroa applies to 18 U.S.C. § 1028(a)(7).[14] However, this does not end the inquiry.

---

[12] Id.

[13] United States v. Berry, 369 F. App'x 500, 502 (4th Cir. 2010) (citations and quotation omitted)

[14] The Court of Appeals for the Third Circuit has not ruled on this issue directly, but one recent case suggests that it would take the same approach as the Fourth Circuit. The United States District Court for the District of Delaware ruled that a defendant who was charged with both aggravated identity theft in violation of § 1028A and identity theft in violation of § 1028(a)(7) required the government to prove on both counts that the defendant knew that the means of identification used belonged to a real person and thereby had put the government to a substantial

4

To prevail on his § 2255 Motion, Defendant must establish that in failing to anticipate that three years after the trial the Supreme Court would issue a ruling on the issue of knowledge, his counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms."[15]  Defendant fails to do so.

The charge given at trial tracked the language of the statute, and included an instruction that the means of identification "means any name or number that may be used, alone or in conjunction with any other information to identify a specific individual."[16]  Therefore, the charge was at most incomplete with regard to the extent of the Government's burden of proof as to Defendant's knowledge, and only in hindsight in light of the Supreme Court's ruling in Flores-Figueroa.[17]  Because the charge was not clearly incorrect under the law at that time, and because "there is no general duty on the part of defense counsel to anticipate changes in the law," counsel was not ineffective in this case.[18]

Finally, Defendant argues that the charge on Count 2 "tainted the entire jury deliberation process," but he cites no authority for this proposition; nor does he explain how this could be.

---

burden of proof such that a two-point reduction for acceptance of responsibility at sentencing was properly denied. The Third Circuit affirmed.  United States v. Adibe, 432 F. App'x 62, 63-64 (3d Cir. 2011).

[15] Strickland, 466 U.S. at 687.

[16] Dec. 20, 2006 Trial Tr. 16-17.

[17] Duncan v. Morton, 256 F.3d 189, 202-03 (3d Cir. 2001) (holding that the failure to object to a jury instruction is not deficient performance under Strickland "unless the . . . instruction was clearly incorrect when given," even if the principles had been established earlier, if the principles "had not yet been clearly established" at the time of trial).

[18] Gov't of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989) (citation omitted).  Having found that counsel's performance did not run afoul of Strickland, the Court need not determine whether Defendant was prejudiced, and does not address whether the evidence at trial of Defendant's knowledge was as overwhelming on the question of knowledge as the Government argues.

There is no contention of error in the charges on the other counts, and the Court cannot fathom how the conviction on the other counts could have been affected. The Court notes that because there is no substantive challenge to the conviction on the other counts, Defendant cannot establish prejudice with regard to his sentence: the Court imposed a sentence of 60 months of imprisonment on Count 1, and sentences of 87 months of imprisonment on Count 2 (the contested count), and Counts 3 through 8, all sentences running concurrently and followed by three years of supervised release.[19]

## IV. CONCLUSION

Defendant has not established that his counsel was ineffective, and therefore has not shown a basis for disturbing his conviction and sentence. Because this decision is based upon the law and the undisputed record of the case, no hearing is necessary. The petition will be denied. Because Defendant has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not be issued.[20] An order will be entered.

---

[19] In this way a conviction under § 1028A(a)(1) differs from a conviction under § 1028(a)(7). The former results in a mandatory two-year sentence consecutive to any other conviction, a punishment that the latter does not carry.

[20] See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Pursuant to Local Appellate Rule 22.2, at the time of a final order denying a habeas petition, a district judge is required to determine whether a certificate of appealability should issue. Such a certificate should not be issued unless "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Id. at 484 (internal quotation marks omitted).